Paul A. Fussell
P.O. Box 728
Nome, Alaska 99762
Telephone: 928 315 2797
Email: pfuss818@gmail.com

Larry J. St Clair
P.O. Box 1813
Nome, Alaska 99762
Telephone: 907 434 6064
Email: epriusholdings@gmail.com

Plaintiffs, Self-Represented (Pro per)



RECEIVED

JUL 23 2026

CLERK, U.S. DISTRICT COURT
FAIRBANKS, AK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT FAIRBANKS

| | |
|---|---|
| PAUL A. FUSSELL and LARRY J. ST CLAIR,<br><br>Plaintiffs,<br><br>v.<br><br>SITNASUAK NATIVE CORPORATION, an Alaska Native corporation; CHARLES E. FAGERSTROM, individually and in his capacity as Chief Executive Officer of Sitnasuak Native Corporation; CHARLES ELLANNA, individually and in his capacity as Land Manager of Sitnasuak Native Corporation; ALASKA STATE TROOPER OAKES, in his individual capacity; ALASKA STATE TROOPER SERGEANT CHRISTOPHER RAFFERTY, in his individual capacity; and DOES 1 through 10,<br><br>Defendants. | Case No. 4:26-cv-_00033 - ACP_ |

## VERIFIED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983), DECLARATORY AND INJUNCTIVE RELIEF, AND SUPPLEMENTAL STATE LAW CLAIMS
## DEMAND FOR TRIAL BY JURY

Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 1 of 27

Plaintiffs Paul A. Fussell and Larry J. St Clair, appearing pro per, bring this action against the above-named Defendants and allege as follows:

## I. NATURE OF THE ACTION

1. This is a civil rights action under 42 U.S.C. § 1983, together with supplemental state law claims, arising from Defendants' unlawful obstruction of Plaintiffs' access to the navigable and public waters of the State of Alaska and to the land below the ordinary high water mark ("OHWM"), which Plaintiffs use to reach and work lawful mining claims in and near Nome, Alaska, including the East Beach, West Beach, and Fort Davis areas.

2. Free access to the navigable or public waters of Alaska is guaranteed to every citizen by Article VIII, Section 14 of the Alaska Constitution, and the land below the OHWM of navigable waters is owned by the State of Alaska and held in trust for the public. Defendant Sitnasuak Native Corporation ("Sitnasuak"), a private corporation, obstructed that access by erecting barriers, posting signs and notices asserting exclusive private ownership over public trust land, and by directing its Chief Executive Officer and its Land Manager to induce, coordinate, and act jointly with state law enforcement officers to threaten Plaintiffs with arrest while Plaintiffs were lawfully exercising their protected right of access.

3. Before filing this action, on or about June 25, 2026, Plaintiff Fussell served on Sitnasuak and the other persons involved a written Notice and Demand, in the form of a sworn affidavit, describing the conduct at issue, identifying the constitutional and

*Fussell v. Sitnasuak Native Corporation, et al.*, Case No. 4:26-cv-_____
Page 2 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 2 of 27

statutory provisions violated, and demanding cure within ten (10) days. A true and correct copy of that Notice and Demand is attached as Exhibit A. No recipient responded, cured, removed the obstructions, or withdrew the trespass complaints within the cure period or at any time since. Plaintiffs plead the service of that Notice and Defendants' refusal to respond or cure as evidence of Defendants' actual knowledge of Plaintiffs' rights and of the knowing, willful, and deliberate character of Defendants' continuing conduct.

4. Plaintiffs seek a declaration of their rights, preliminary and permanent injunctive relief requiring removal of the obstructions and an order that Defendants cease interfering with Plaintiffs' access, and compensatory and punitive damages.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (4), because Plaintiffs seek redress for the deprivation, under color of state law, of rights secured by the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 3 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 3 of 27

7. This Court may grant declaratory relief and further necessary or proper relief under 28 U.S.C. §§ 2201 and 2202, and injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2), because one or more Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District, in and near Nome, Alaska.

### III. PARTIES

9. Plaintiff Paul A. Fussell is a citizen of the United States and a part-time resident of Nome, Alaska, who holds valid access to mining claims in the vicinity of Nome, including the East Beach, West Beach, and Fort Davis areas. The claim names and recording numbers are: Norton Sound, State Mineral Leases, West Beach Public Mining Area, ADL No. 231171 (but not limited to); Norton Sound, State Mineral Leases, East Beach Public Mining Area, ADL No. 421872 (but not limited to); and Norton Sound, State Mineral Leases, Fort Davis, Claims 3, 4, and 5, specifically Claim No. 3, ADL No. 603855 (but not limited to).

10. Plaintiff Larry J. St Clair is a citizen of the United States and a resident of Nome, Alaska, who holds valid access to mining claims in the vicinity of Nome, including the East Beach, West Beach, and Fort Davis areas, including the same claims and recording numbers identified in Paragraph 9 above.

11. Defendant Sitnasuak Native Corporation is an Alaska Native Corporation organized under the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq., with

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 4 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 4 of 27

a principal place of business at 2700 Gambell Street, Suite 300, Anchorage, Alaska 99503, and a place of business at P.O. Box 905, Nome, Alaska 99762. It is a private corporation and is not a unit of state or federal government.

12. Defendant Charles E. Fagerstrom is, and at all times relevant hereto was, the Chief Executive Officer of Sitnasuak. He is sued individually and in his capacity as CEO for his personal knowledge of, direct approval of, and direction of the unlawful conduct alleged herein. As CEO, Fagerstrom had final authority over the corporation's land management policies and enforcement actions, personally authorized and directed Defendant Ellanna to enforce Sitnasuak's false claims of ownership over public trust lands, and ratified Ellanna's conduct after being placed on actual notice that such conduct violated the Alaska Constitution, Alaska statutes, and federal law.

13. Defendant Charles Ellanna is, and at all times relevant hereto was, employed by Sitnasuak as its Land Manager. He is sued individually and in his capacity as Land Manager for the acts alleged herein. Ellanna acted at all times within the course and scope of his employment and pursuant to the direct approval, authorization, and direction of Defendant Fagerstrom and Sitnasuak.

14. Defendant Alaska State Trooper Oakes is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety who acted under color of state law at all relevant times. He is sued in his individual capacity.

15. Defendant Alaska State Trooper Sergeant Christopher Rafferty is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 5 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 5 of 27

who acted under color of state law at all relevant times. He is sued in his individual capacity.

16. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiffs and who participated in the acts alleged herein. Plaintiffs will amend this Complaint to state their true names and capacities when ascertained.

## IV. LEGAL FRAMEWORK AND VERIFIED AUTHORITIES

### A. United States Federal Law: State Title to Lands Beneath Navigable and Tidal Waters

17. Under United States federal law, the equal footing doctrine provides that a new State, upon admission to the Union, takes title to the beds and shores of the navigable waters within its borders. *Pollard's Lessee v. Hagan*, 44 U.S. (3 How.) 212 (1845); *Shively v. Bowlby*, 152 U.S. 1 (1894). Congress confirmed and codified this rule in the Submerged Lands Act of 1953, 43 U.S.C. §§ 1301-1315, which vests in each State title to and ownership of the lands beneath navigable waters within its boundaries. 43 U.S.C. § 1311.

18. Waters are navigable in fact, and therefore navigable in law, "when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water." *The Daniel Ball*, 77 U.S. (10 Wall.) 557, 563 (1870).

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 6 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 6 of 27

Navigability for purposes of state title under the equal footing doctrine is assessed as of the date of statehood. *PPL Montana, LLC v. Montana*, 565 U.S. 576 (2012).

19. With respect to lands beneath waters subject to the ebb and flow of the tide, the States' title upon admission to the Union extends to all lands beneath tidally influenced waters, without regard to navigability in fact. *Phillips Petroleum Co. v. Mississippi*, 484 U.S. 469 (1988). Lands beneath navigable and tidal waters are held by the State in trust for the people, and that public trust cannot be surrendered wholesale to private control. *Illinois Central Railroad Co. v. Illinois*, 146 U.S. 387 (1892).

20. The United States Supreme Court has specifically recognized that, under these principles and the Submerged Lands Act, the State of Alaska, and not the United States, holds title to and ownership of the lands beneath the navigable waters within Alaska. *Sturgeon v. Frost*, 587 U.S. 28, 139 S. Ct. 1066 (2019). The United States Court of Appeals for the Ninth Circuit, affirming the judgment of the United States District Court for the District of Alaska, has likewise confirmed Alaska's title to the beds of waters that were navigable in fact at statehood, and has held that modern commercial use of a water body may evidence its navigability. *Alaska v. Ahtna, Inc.*, 891 F.2d 1401 (9th Cir. 1989).

## B. The Alaska Constitution

21. Article VIII, Section 2 of the Alaska Constitution directs that "[t]he legislature shall provide for the utilization, development, and conservation of all natural resources belonging to the State, including land and waters, for the maximum benefit of its people." Article VIII, Section 3 provides: "Wherever occurring in their natural state, fish, wildlife, and waters are reserved to the people for common use." Article VIII, Section 14 provides:

"Free access to the navigable or public waters of the State, as defined by the legislature, shall not be denied any citizen of the United States or resident of the State, except that the legislature may by general law regulate and limit such access for other beneficial uses or public purposes."

22. The Alaska Supreme Court has explained that "the provisions in article VIII were intended to permit the broadest possible access to and use of state waters by the general public." *Wernberg v. State*, 516 P.2d 1191, 1198-99 (Alaska 1973).

23. The Alaska Supreme Court has further held that the common use clause of Article VIII, Section 3 prohibits monopolistic grants and exclusive privileges that restrict public access to and use of the reserved resources, including waters, and that the clause is rooted in public trust principles. *Owsichek v. State, Guide Licensing & Control Board*, 763 P.2d 488 (Alaska 1988).

## C. Alaska Statutes and Regulations

24. The Alaska Legislature has implemented these constitutional guarantees by statute. AS 38.05.126(a) declares that the people of the state have a constitutional right to free access to and use of the navigable or public water of the state. AS 38.05.126(b) provides that the State has full power and control of all of the navigable or public water of the state and holds and controls that water in trust for the use of the people. AS 38.05.126(c) provides:

> Ownership of land bordering navigable or public water does not grant an
> exclusive right to the use of the water and a right of title to the land below
> the ordinary high water mark is subject to the rights of the people of the
> state to use and have access to the water for recreational purposes or other

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 8 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 8 of 27

public purposes for which the water is used or capable of being used consistent with the public trust.

See also AS 38.05.127 (directing the commissioner of natural resources to provide for and preserve easements of public access to and along navigable and public waters).

25. AS 38.05.128(a) provides that a person may not obstruct or interfere with the free passage or use by a person of any navigable water unless the obstruction or interference is authorized by law, regulation, permit, or other listed authorization. AS 38.05.128(b) provides that an unauthorized obstruction or interference with navigable water is a public nuisance and is subject to abatement, with the cost of abatement borne by the violator. AS 38.05.128(d) confirms that the free passage and use protected by the statute includes the right to use land below the Ordinary High Water Mark to the extent reasonably necessary, consistent with the public trust. AS 38.05.128(f) makes a violation of the statute a class B misdemeanor.

26. By statute, "navigable water" is defined broadly to include water of the state forming a river, stream, lake, pond, slough, creek, bay, sound, estuary, inlet, strait, passage, canal, sea, or ocean that is navigable in fact for any useful public purpose, including boating, transport, and travel. AS 38.05.965(14). "Public water" includes navigable water and all other water that is reasonably suitable for public use and utility. AS 38.05.965(21).

27. Under Alaska law, the "Ordinary High Water Mark" is the mark along the bank or shore up to which the presence and action of the water are so common and usual, and so long continued in all ordinary years, as to leave a natural line impressed on the

Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 9 of 27

bank or shore, indicated by erosion, shelving, changes in soil characteristics, destruction of terrestrial vegetation, or other distinctive physical characteristics. AS 41.17.950(14); 11 AAC 53.900(23). For tidal waters, "mean high water" is a tidal datum plane defined by regulation. 11 AAC 53.900(14). The Alaska Supreme Court applies the same physical indicators, including shelving, changes in the character of the soil, and the destruction of terrestrial vegetation, to locate the high water mark. *State, Department of Natural Resources v. Pankratz*, 538 P.2d 984, 988-89 (Alaska 1975).

### D. Alaska Common Law and the Public Trust Doctrine

28. Under Alaska common law, "a state has title to land underlying navigable waters up to the mean high water mark." *Pankratz v. State, Department of Highways*, 652 P.2d 68, 73 (Alaska 1982); *State, Department of Natural Resources v. Pankratz*, 538 P.2d 984 (Alaska 1975) (State takes title to the bed of navigable water below the high water mark under the equal footing doctrine and the Submerged Lands Act).

29. The Alaska Supreme Court has held that tidelands conveyed by the State to private parties "were conveyed subject to the public's right to utilize those tidelands for purposes of navigation, commerce and fishery," and that although patent holders may make uses of their property that do not unreasonably interfere with those continuing public easements, "they are prohibited from any general attempt to exclude the public from the property by virtue of their title." *CWC Fisheries, Inc. v. Bunker*, 755 P.2d 1115, 1121 (Alaska 1988).

30. The Alaska Supreme Court has likewise confirmed that the State owns the shoreland beneath navigable rivers below the ordinary high water mark, that the

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 10 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 10 of 27

legislature codified the public trust doctrine as applied to riparian and littoral landowners in AS 38.05.126(c), and that ownership of land bordering navigable or public water grants no exclusive right to the use of the water or the state-owned land beneath it. *State, Department of Natural Resources v. Alaska Riverways, Inc.*, 232 P.3d 1203, 1212 (Alaska 2010).

**E. Federal Civil Rights Law: 42 U.S.C. § 1983**

31. Under 42 U.S.C. § 1983, a person acts under color of state law when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West v. Atkins*, 487 U.S. 42 (1988).

32. A private party acts under color of state law when it is a willful participant in joint action with the State or its agents, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), or when it conspires with state actors to deprive a person of federally protected rights, *Dennis v. Sparks*, 449 U.S. 24 (1980).

33. In the Ninth Circuit, the joint action test asks "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights," and joint action may be shown either by proving a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). A private party's repeated enlistment of law enforcement to accomplish a private exclusion, with officers intervening at every step, constitutes joint action. *Howerton v. Gabica*, 708 F.2d 380, 384-85 (9th Cir. 1983). Merely furnishing

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 11 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 11 of 27

information to law enforcement, without more, does not make a private party a state actor; a substantial degree of cooperative action is required. *Collins v. Womancare*, 878 F.2d 1145, 1154-55 (9th Cir. 1989). Plaintiffs allege here that the Sitnasuak Defendants' conduct went far beyond merely furnishing information and amounted to concerted, coordinated joint action with law enforcement officers.

34. An arrest must be supported by probable cause: facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, sufficient to warrant a prudent person in believing that the suspect has committed or is committing an offense. *Beck v. Ohio*, 379 U.S. 89 (1964); *Devenpeck v. Alford*, 543 U.S. 146 (2004). Punitive damages are available under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30 (1983). On the state law claims, punitive damages are governed by AS 09.17.020 (clear and convincing evidence of outrageous conduct or evidence of reckless indifference to the interest of another person).

## V. FACTUAL ALLEGATIONS

35. Plaintiffs hold valid access to recorded mining claims near Nome and the Fort Davis area, Alaska, as described in Paragraphs 9 and 10 above. Those claims and leases are administered by the Alaska Department of Natural Resources under AS 38.05 and are identified by the ADL numbers stated above.

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 12 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 12 of 27

36. Plaintiffs access and work their mining claims by traveling on and along East Beach and West Beach, including the Fort Davis area and beyond, on the navigable and public waters of the State of Alaska, including the waters of Norton Sound, and on the land below the OHWM of those waters.

37. The waters at issue are navigable in fact and are tidally influenced: in their ordinary and natural condition they are and have been susceptible to use as highways for commerce over which trade and travel are or may be conducted, including by boat, all-terrain vehicle and other four-wheel-drive vehicles, and other mining equipment. The lands at issue lie below the Ordinary High Water Mark, and along the tidal shore of Norton Sound below the line of mean high water.

38. Title to the land below the OHWM of those waters, and to the tidelands below the line of mean high water along Norton Sound, passed to the State of Alaska at statehood under the equal footing doctrine and the Submerged Lands Act of 1953, 43 U.S.C. §§ 1301-1315, and is held by the State in trust for the people. No private party, including Sitnasuak, holds an exclusive right to that land or to the use of the public waters and the land below the OHWM.

39. Beginning on or about May 26, 2026, Sitnasuak, at the direction and with the approval of Defendant Fagerstrom, posted signs, erected barriers, posted notices of trespass, and made demands asserting exclusive private ownership and the right to exclude Plaintiffs and the public from the navigable waters and the land below the OHWM used by Plaintiffs to access their mining claims, including West Beach, East Beach, and beyond the Fort Davis area. The barriers, signs, and notices are placed at

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 13 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 13 of 27

intervals ranging from approximately 100 feet apart to approximately one quarter of a mile apart, depending on the location and its access to the public highway. Defendants purposely post the signs at the OHWM to keep the public off and out of the public trust land, but do not post the boundaries of the property Sitnasuak actually owns.

40. On or about May 26, 2026, and on or about June 13, 2026, Sitnasuak, acting through Defendant Ellanna pursuant to the direct authorization and direction of Defendant Fagerstrom, contacted the Alaska State Troopers and the Nome Police Department and reported that Plaintiffs were trespassing, knowing that Plaintiffs were lawfully exercising their right of access to navigable waters and public trust land.

41. Sitnasuak, Fagerstrom, and Ellanna did more than report a suspected trespass. Pursuant to a prior arrangement, request, direction, or concerted understanding orchestrated by Fagerstrom and carried out by Ellanna, Defendants caused and induced Defendants Oakes and Rafferty, and officers of the Nome Police Department, to threaten and intimidate Plaintiffs with arrest in order to compel Plaintiffs to cease their lawful access. Sitnasuak, Fagerstrom, Ellanna, and the officers acted jointly, with the shared objective of excluding Plaintiffs from public waters and public trust land, and law enforcement was enlisted and intervened at each step of the exclusion.

42. With respect to Plaintiff Fussell: Defendant Ellanna, acting pursuant to Fagerstrom's direct approval and direction, personally confronted Fussell and told him he was trespassing. When Fussell responded that he was not trespassing and that he was on state public land below the OHWM, Ellanna called the Nome Police Department and verbally accused Fussell of trespassing on Sitnasuak land. Officer Broady of the Nome

Police Department arrived and asked Plaintiff Fussell to leave in order to keep the peace. Intimidated by the presence of the police and the officer's request, Plaintiff Fussell complied and vacated the area.

43. With respect to Plaintiff St Clair: Defendant Ellanna, acting pursuant to Fagerstrom's direct approval and direction, posted a "Notice of Trespass" on Plaintiff St Clair's mining equipment. After 24 hours, Ellanna called the Alaska State Troopers claiming that Plaintiff St Clair was trespassing on Sitnasuak land. Defendants Oakes and Rafferty, acting under color of state law and jointly with Sitnasuak, Fagerstrom, and Ellanna, then contacted Plaintiff St Clair by telephone and text message and threatened to arrest him for criminal trespass if he did not leave, even though Plaintiff St Clair was on public trust land below the OHWM and was lawfully exercising his right of access.

44. The threatened arrests were not supported by probable cause, because Plaintiffs were exercising constitutionally and statutorily protected rights of access that no private party, including Sitnasuak, has legal authority to extinguish. *Beck v. Ohio*, 379 U.S. 89 (1964); Alaska Const. art. VIII, § 14; AS 38.05.126.

45. Defendant Fagerstrom, as CEO of Sitnasuak, had actual knowledge that Plaintiffs had repeatedly notified Sitnasuak, on at least four to six separate occasions before and during the incidents described herein, that Sitnasuak's conduct violated Article VIII, Sections 3 and 14 of the Alaska Constitution, AS 38.05.126, AS 38.05.128, and federal law. Despite that actual notice, Fagerstrom personally approved, directed, and ratified Ellanna's continued enforcement actions against Plaintiffs. Defendants' conduct was not the result of a good faith misunderstanding of property boundaries; it was a

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 15 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 15 of 27

knowing, willful, and intentional deprivation of Plaintiffs' constitutional and statutory rights.

46. On or about June 25, 2026, Plaintiff Fussell served the Notice and Demand described in Paragraph 3 above on Sitnasuak and the other persons involved, by USPS Certified Mail, Return Receipt Requested. The Notice demanded, within ten (10) days: removal of all barriers, signs, and obstructions on or across the navigable waters and the land below the OHWM; cessation of all assertions of an exclusive private right to exclude; withdrawal of trespass complaints made to law enforcement; cessation of all interference and threats of arrest; and written confirmation of compliance.

47. No recipient of the Notice and Demand responded, disputed its contents in writing, cured, or complied within the ten day cure period, or at any time thereafter. The obstructions, signage, and exclusion demands remain in place as of the filing of this Complaint. Plaintiffs plead Defendants' silence and refusal to cure after actual written notice as further evidence of the knowing, willful, and deliberate character of Defendants' conduct and in support of Plaintiffs' claim for punitive damages.

48. As partners working the same claims by the same means of access, Plaintiffs Fussell and St Clair are similarly situated with respect to Defendants' conduct. The threats and obstruction directed against one partner had the direct, foreseeable, and intended effect of deterring both partners from exercising their right of access, regardless of which partner Defendants directly confronted on a given occasion.

49. As a direct result of Defendants' threats and obstruction, both Plaintiffs were compelled to cease, curtail, or delay their lawful mining operations, were placed in fear

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 16 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 16 of 27

of unlawful arrest, and were deprived of their right to use public waters and public trust land. During the period both partners have been deterred from working their claims, each Plaintiff has lost the opportunity to recover an average of two ounces of gold per day at a current market value of approximately $4,500 per ounce, in addition to equipment downtime and increased costs of any attempted access.

50. Plaintiffs' damages are not limited by which partner Defendants directly confronted on a given occasion. They arise independently from Defendants' joint and concerted course of conduct, which was reasonably calculated to, and did, exclude both partners from the claims by threatening one or both of them.

51. Defendants acted intentionally, knowingly, and with reckless or callous disregard for Plaintiffs' clearly established constitutional and statutory rights.

## COUNT I

### Deprivation of Civil Rights Under 42 U.S.C. § 1983,

### Fourth and Fourteenth Amendments to the United States Constitution

### (Against Defendants Oakes and Rafferty)

52. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

53. At all relevant times, Defendants Oakes and Rafferty acted under color of the laws, customs, and usages of the State of Alaska. *West v. Atkins*, 487 U.S. 42 (1988).

54. By threatening to arrest Plaintiff St Clair without probable cause, and by participating with Sitnasuak, Fagerstrom, and Ellanna in a joint course of conduct that

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 17 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 17 of 27

used law enforcement authority to intimidate and exclude Plaintiffs from public waters and public trust land, Defendants subjected Plaintiffs to unreasonable threatened seizures of their persons and deprived Plaintiffs of liberty and property without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The threatened arrests were unsupported by probable cause under the standard of *Beck v. Ohio*, 379 U.S. 89 (1964), and *Devenpeck v. Alford*, 543 U.S. 146 (2004), because no facts known to the officers could warrant a prudent person in believing that Plaintiffs were committing criminal trespass while exercising a protected right of access on state public trust land.

55. Plaintiffs' right to be free from an arrest, or the threat of an arrest, unsupported by probable cause was clearly established at the time of Defendants' conduct.

56. As a direct and proximate result, Plaintiffs suffered the harm described above and are entitled to compensatory damages, to punitive damages under the standard of *Smith v. Wade*, 461 U.S. 30 (1983), and to fees and costs to the extent permitted by 42 U.S.C. § 1988.

## COUNT II

### Deprivation of Civil Rights Under 42 U.S.C. § 1983,

### Joint Action and Conspiracy With State Actors

### (Against Defendants Sitnasuak Native Corporation, Charles E. Fagerstrom, and

### Charles Ellanna)

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 18 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 18 of 27

57. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

58. A private party acts under color of state law for purposes of 42 U.S.C. § 1983 when it is a willful participant in joint action with the State or its agents, or when it conspires with state actors to deprive a person of federally protected rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012).

59. Defendant Fagerstrom, as CEO of Sitnasuak, directly approved, authorized, and directed Defendant Ellanna to assert Sitnasuak's false claims of exclusive ownership over public trust land and to cause law enforcement to enforce those false claims against Plaintiffs. Fagerstrom approved and directed this course of conduct with actual knowledge, including through the notices described above and the Notice and Demand attached as Exhibit A, that it violated Plaintiffs' constitutional and statutory rights. Fagerstrom personally directed and set in motion the deprivations at issue and is individually liable under 42 U.S.C. § 1983.

60. Defendant Ellanna, acting pursuant to Fagerstrom's direct authorization, was a willful participant in joint action with Defendants Oakes and Rafferty and with officers of the Nome Police Department. Ellanna reached an understanding with, requested, directed, and acted in concert with those officers to threaten Plaintiffs with arrest and to exclude Plaintiffs from public waters and public trust land. Ellanna's conduct went substantially beyond merely furnishing information to the police; he repeatedly enlisted law

enforcement, which intervened at each step of the exclusion, and he jointly engaged in the challenged exclusionary action as Sitnasuak's authorized agent. *Howerton v. Gabica*, 708 F.2d 380, 384-85 (9th Cir. 1983); *Collins v. Womancare*, 878 F.2d 1145, 1154-55 (9th Cir. 1989).

61. Defendant Sitnasuak, through its officers Fagerstrom and Ellanna, was a willful participant in the same joint action, providing the institutional backing, landholding claims, and corporate authority that caused law enforcement to believe, mistakenly, that Sitnasuak held lawful authority to exclude Plaintiffs from public trust land.

62. Through this joint action and conspiracy, Sitnasuak, Fagerstrom, and Ellanna caused the deprivation of Plaintiffs' rights under the Fourth and Fourteenth Amendments and are liable under 42 U.S.C. § 1983.

63. As a direct and proximate result, Plaintiffs suffered the harm described above and are entitled to compensatory damages, punitive damages, and fees and costs to the extent permitted by 42 U.S.C. § 1988.

## COUNT III

### Declaratory Judgment, 28 U.S.C. §§ 2201 and 2202

### (Against Defendants Sitnasuak Native Corporation and Charles E. Fagerstrom)

64. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 20 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 20 of 27

65. An actual, justiciable controversy exists between Plaintiffs and Defendants Sitnasuak and Fagerstrom concerning Plaintiffs' right of access to the navigable and public waters used to reach their mining claims and to the land below the OHWM.

66. Article VIII, Section 14 of the Alaska Constitution guarantees free access to the navigable or public waters of the state. Article VIII, Section 3 reserves to the people the waters occurring in their natural state. These constitutional guarantees are implemented by AS 38.05.126, AS 38.05.127, and AS 38.05.128, are construed to permit the broadest possible public access to and use of state waters, *Wernberg v. State*, 516 P.2d 1191, 1198-99 (Alaska 1973), and are protected by the public trust doctrine as recognized in *CWC Fisheries, Inc. v. Bunker*, 755 P.2d 1115, 1121 (Alaska 1988), and *State, Department of Natural Resources v. Alaska Riverways, Inc.*, 232 P.3d 1203, 1212 (Alaska 2010).

67. Plaintiffs are entitled to a declaration that they have the right of free access to the navigable and public waters used to reach their mining claims and to the land below the OHWM; that Sitnasuak holds no exclusive right to exclude Plaintiffs or the public from such waters and lands; that Fagerstrom had no authority to direct the enforcement of Sitnasuak's false claims of ownership against Plaintiffs; and that Defendants' barriers, signage, trespass notices, and exclusion demands are unlawful.

## COUNT IV

### Nuisance and Unlawful Obstruction of Navigable Water,

### AS 38.05.128 and AS 09.45.230

**(Against Defendants Sitnasuak Native Corporation and Charles E. Fagerstrom)**

68. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

69. By erecting barriers and posting signage that obstruct the navigable waters and the land below the OHWM, Defendants Sitnasuak and Fagerstrom unreasonably interfered with Plaintiffs' right to use and access those waters and that land, and obstructed the free passage and use of navigable water of the State of Alaska without authorization by law, regulation, or permit, in violation of AS 38.05.128(a). Under AS 38.05.128(b), an unauthorized obstruction or interference is a public nuisance subject to abatement, with the cost of abatement borne by the violator.

70. Defendants' obstruction is unlawful and unreasonable and has caused Plaintiffs special and particular injury different in kind from that suffered by the general public, including the loss of access to their mining claims and the resulting economic harm described herein. To the extent the obstruction constitutes a private nuisance as to Plaintiffs, AS 09.45.230(a) authorizes a civil action to enjoin or abate the nuisance and to recover damages.

71. Plaintiffs are entitled to injunctive relief requiring removal and abatement of the obstructions at Defendants' cost, an order that Defendants cease interfering with Plaintiffs' access, and damages to be proven at trial.

## COUNT V

### Tortious Interference With Prospective Economic Advantage

**(Alaska Common Law)**

**(Against Defendants Sitnasuak Native Corporation and Charles E. Fagerstrom)**

72. Plaintiffs reallege and incorporate each preceding paragraph as though fully set forth herein.

73. Under Alaska law, a claim for intentional interference with prospective economic advantage lies where a prospective business relationship existed, the defendant knew of the prospective relationship and intended to prevent its fruition, the relationship did not culminate in pecuniary benefit to the plaintiff, the defendant's conduct interfered with the relationship, the interference caused the plaintiff's damages, and the defendant's conduct was not privileged or justified. *Odom v. Fairbanks Memorial Hospital*, 999 P.2d 123, 132 (Alaska 2000).

74. Plaintiffs had existing and prospective business and economic relationships arising from their lawful mining operations on their claims, including the recovery and sale of gold. Defendants Sitnasuak and Fagerstrom knew of those operations and relationships and intended to prevent their fruition.

75. Defendants Sitnasuak and Fagerstrom intentionally and without privilege or justification interfered with Plaintiffs' mining operations by directing and authorizing Ellanna to obstruct Plaintiffs' access to navigable waters and public trust land, and by causing law enforcement officers to threaten Plaintiffs with arrest, thereby preventing or impairing Plaintiffs' ability to conduct their mining business.

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 23 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 23 of 27

76. As partners working the same claims by the same means of access, Plaintiffs Fussell and St Clair are similarly situated with respect to Defendants' conduct, and each has been deterred from working the claims in the same manner and to the same extent.

77. During the period both partners have been deterred from working their claims, each Plaintiff has lost the opportunity to recover an average of two ounces of gold per day at a current market value of approximately $4,500 per ounce, in addition to equipment downtime costs and increased costs of any attempted access. Plaintiffs' economic losses arise independently from Defendants' joint and concerted course of conduct and are not limited by which partner Defendants directly confronted on a given occasion.

78. As a direct and proximate result of the foregoing, Plaintiffs have suffered economic damages, including lost mining revenue and increased costs, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment that Plaintiffs have the right of free access to the navigable and public waters used to reach their mining claims and to the land below the ordinary high water mark; that Sitnasuak holds no right to exclude Plaintiffs or the public from such waters and lands; and that Fagerstrom had no authority to direct the enforcement of such exclusion;

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 24 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 24 of 27

B.  Issue preliminary and permanent injunctive relief ordering Defendants to remove all barriers, signs, and trespass notices obstructing Plaintiffs' access, to abate the obstructions at Defendants' cost as provided by AS 38.05.128(b), to withdraw any trespass complaints made to law enforcement, and to cease all interference with Plaintiffs' lawful access and mining operations;

C.  Award compensatory damages against Defendants, jointly and severally as appropriate, in an amount to be proven at trial, including but not limited to lost mining revenue, equipment downtime, and consequential damages;

D.  Award punitive damages against Defendants, including Fagerstrom individually, in an amount sufficient to punish and deter their knowing and willful conduct;

E.  Award Plaintiffs their costs of suit and reasonable attorney's fees to the extent permitted by 42 U.S.C. § 1988 and other applicable law;

F.  Award pre-judgment and post-judgment interest as allowed by law; and

G.  Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

DATED this _17_ day of _July_, 2026, at Nome, Alaska.

Respectfully submitted,

Paul A. Fussell, Plaintiff, Pro per
P.O. Box 728, Nome, Alaska 99762

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 25 of 26
Case 4:26-cv-00033-ACP     Document 1     Filed 07/23/26     Page 25 of 27

Telephone: 928 315 2797
Email: pfuss818@gmail.com

Larry J. St Clair, Plaintiff, Pro per
P.O. Box 1813, Nome, Alaska 99762
Telephone: 907 434 6064
Email: epriusholdings@gmail.com

## VERIFICATION

We, Paul A. Fussell and Larry J. St Clair, declare under penalty of perjury under the laws

of the United States of America, pursuant to 28 U.S.C. § 1746, that we are the Plaintiffs

in this action, that we have read the foregoing Verified Complaint, and that the factual

allegations contained therein are true and correct to the best of our knowledge,

information, and belief, except as to those matters alleged on information and belief, and

as to those matters, we believe them to be true.

Executed on July 17, 2026, at Nome, Alaska.

Paul A. Fussell

Larry J. St Clair

## EXHIBITS

Exhibit A: Notice and Demand, Affidavit of Truth and Notice of Intent to File Suit,

served on or about June 25, 2026 (with proof of service).

Fussell v. Sitnasuak Native Corporation, et al., Case No. 4:26-cv-_____
Page 26 of 26
Case 4:26-cv-00033-ACP    Document 1    Filed 07/23/26    Page 26 of 27

Paul Fussell
PO BOX 728
PO BOX 728
NOME AK 99762-0728

**USPS CERTIFIED MAIL**

**9407 1118 9876 5523 7430 88**

Clerk
US ALASKA DISTRICT COURT
101 12TH AVE RM 332
FAIRBANKS AK 99701-6237

$7.20 US POSTAGE
FIRST-CLASS IMI
Jul 17 2026
Mailed from ZIP 99762
4 OZ FIRST-CLASS MAIL LETTER
RATE
ZONE 1
11923275

063S0010937440

endicia