# Exhibit A

Notice and Demand

**Paul A. Fussell, Affiant / Claimant**
P.O. Box 728
Nome, Alaska 99762
**Larry St Clair, Affiant / Claimant**

P.O. Box 1813

Nome AK 99762

**TO (RESPONDENTS):**
Sitnasuak Native Corporation
CHARLES E. FAGERSTROM, in his official
capacity as Chief Executive Officer of
Sitnasuak Native Corporation
and individually;
CHARLES ELLANNA, in his official capacity
as Land Manager of Sitnasuak Native
Corporation and individually;
Alaska State Trooper OAKS, individually and in official capacity
Alaska State Trooper Sargent Rafferty, individually and in official capacity
Nome Police Department in official capacity


CC: Alaska State Attorney General

Nome District Attorney

US Attorney General

Nome City Attorney


# NOTICE AND DEMAND
## AFFIDAVIT OF TRUTH AND NOTICE OF INTENT TO FILE SUIT

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL; NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**APPLICABLE TO ALL SUCCESSORS AND ASSIGNS**
**TEN (10) DAY CURE PERIOD**

This Notice and Demand, made in the form of a sworn Affidavit, is served as lawful pre-suit notice to the Respondents named above. It is made by Paul A. Fussell and Larry J. St Clair ("Affiants"

1

Notice and Demand

or "Claimants") upon their own personal knowledge, and the facts stated are true and correct to the best of their knowledge, information, and belief.

This Notice is given pursuant to the Constitution of the United States, in particular the First, Fourth, Fifth, Ninth, Tenth, and Fourteenth Amendments; the Constitution of the State of Alaska of 1956, in particular Article I (Declaration of Rights) and Article VIII (Natural Resources); and 42 U.S.C. § 1983. Affiant also identifies, for referral to the appropriate prosecuting authorities only, 18 U.S.C. § 242 (deprivation of rights under color of law) and the Alaska criminal statutes cited below. Affiant asserts no private civil cause of action under those criminal statutes; they are identified for investigative and referral purposes.

**PURPOSE**. The purpose of this Notice and Demand is to give the Respondents a full and fair opportunity to cure the conduct described below without the cost and burden of litigation. A verified Complaint under 42 U.S.C. § 1983 and supplemental Alaska law has already been prepared and is attached as Exhibit C. If the Respondents do not cure within the ten (10) day cure period stated below, Affiant intends to file that Complaint in the United States District Court for the District of Alaska.

**DEMAND FOR WRITTEN RESPONSE**. Affiant requests that each Respondent respond in writing within ten (10) days of receipt, point by point, to the factual statements set out below, and either (a) cure the conduct as demanded, or (b) state, with specificity and supporting evidence, the basis for any disagreement. Affiant will treat a failure to respond within the cure period as a refusal to cure, and will proceed to file the attached Complaint.

## I. AFFIANT AND RESPONDENTS

1.    Affiant Paul A. Fussell is a citizen of the United States and parttime resident of Nome, Alaska. Affiant holds valid access to recorded mining claims in the vicinity of Nome (the "Claims").

2.    Affiant Larry J. St Clair is a citizen of the United States and a resident of Nome, Alaska. Affiant holds valid access to recorded mining claims in the vicinity of Nome (the "Claims").

3.    Respondent SITNASUAK NATIVE CORPORATION ("Sitnasuak") is a for Alaska Native Corporation organized under the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq. Sitnasuak is a private corporation and is not a unit of state or federal government.

4.    Respondent CHARLES ELLANNA is, on information and belief, an officer, employee, Land Manager or agent of Sitnasuak who acted for Sitnasuak in the events described below.

2

5. Respondent Alaska State Trooper Oaks is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety who at all relevant times acted under color of the laws of the State of Alaska.

6. Respondent Alaska State Trooper Sargent Raffert is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety who at all relevant times acted under color of the laws of the State of Alaska.

7. Respondent Nome Police Officer Brody is, on information and belief, a sworn peace officer of the Nome Police Department who at all relevant times responded to Sitnasuak false complaint of the trespass in Nome Alaska.

## II. STATEMENT OF FACTS (SWORN)

8. Affiant accesses and works the Claims by traveling on and along and below the Ordinary High Water Mark (OHWM), a navigable water way of East Beach and Ft Davis area in the State of Alaska.

9. That water body way is navigable in fact. In its ordinary and natural condition it is and has been susceptible to use as a highway for commerce over which trade and travel are or may be conducted in the customary modes.

10. Title to the land below the (OHWM) Ordinary High Water Mark of that water passed to the State of Alaska upon statehood and is held by the State in trust for the people. No private party, including Sitnasuak, holds an exclusive right to that land or to the use of the public waters below it.

11. Sitnasuak has posted signs, posted Notices, erected barriers, and asserted exclusive private ownership over the public waters and public-trust land that Affiants uses for access to the Claims located on East Beach and Ft Davis and other areas in Nome AK.

12. On or about May 26, 2026, Affiant St Clair is informed and believes, and on that basis alleges, that Sitnasuak posted Notice of trespass on mining equipment and coordinated with the Alaska State Troopers Oaks regarding Affiant's access.

13. On or about June 15, 2026, Respondent Charles Ellanna, acting for Sitnasuak, coordinated with the Nome Police regarding Affiant Fussell access.

14. Through that coordination, Sitnasuak did more than report a suspected trespass. By request, direction, or concerted understanding with Respondents Oaks, Rafferty and Brody, Sitnasuak caused and induced those officers to threaten Affiant with arrest in order to compel Affiant to cease his lawful access. Officer Brody did not threaten arrest, but was used by Sitnasuak to harass/intimidate Affiant, and the other officers acted jointly to achieve the shared objective of excluding Affiants from the public waters and public-trust land. Respondent Ellanna approached Affiant Fusssell on East Beach, filming during his approach, demanding Affiant to leave, that he

3

Notice and Demand

was trespassing. When Affiant refused to leave, Respondent called the Nome city police. Respondent Officer Brody arrived and asked if the affiant would leave to keep the piece. Officer Brody made it clear that he was not ordering the affiant to leave but would prefer that Affiant leave.

Respondent Officer Oaks was called by Respondent Ellanna Stating that Affiant St Clair was trespassing on Sitnasuak land. Respondent Oaks proceeded to call Affiant St Clair by phone and ordered Affiant to leave or be arrested for trespass. Later Respondent Oaks Text Affiant giving affiant approval to remove his equipment from the water and the beach, (below the OHWM). Respondent went on to say by phone, "that if he was caught on the property again, he would be arrested". Clearly Respondent does not know the law but continued to enforce Sitnasuak will, to have Affiant removed from the property, by his own text stating, "If SNC issues another complaint about you being on their land that will launch a separate investigation to see if you actually trespassed." This shows total incompetence as an officer, threatening arrest before he does any investigation, but later stating if there is another complaint he would launch a investigation.

After Text from Respondent Oaks. Affiant St Clair called Respondent Sargent Rafferty, Oaks's Superior. When asked about the trespass incident, Respondent Rafferty responded arrogantly and belligerently backing Oaks decision to remove Affiant. When Affiant reminded Respondent of a previous Trespass charge against Affiant being removed for the very same reason, Respondent said "this was different", when in fact it was not, and was the very same Respondent making the same claims against the Affiant in both instances.

15. The threatened arrest was not supported by probable cause that Affiant St Clair had committed any crime, because Affiant was on public-trust land below the Ordinary High Water Mark and was lawfully exercising a constitutionally and statutorily protected right of access. Both Respondents Oaks and Rafferty refused to look at the AK statues or the Amendment Articles Affiant St Clair text them for review supporting Affiants right to use the State owned public trust lands. Both Respondents ignored the law and carried out Respondent Sitnasuak wishes.

16. It was apparent that, regardless of how Affiant conducted his lawful mining business, Respondents would use the threat of arrest to prevent Affiant from entering into trade and commerce through his lawful use of the public water way.

17. As a direct result of Respondents' threats and obstruction, Affiant was compelled to cease, curtail, or delay his lawful mining operations, was placed in fear of unlawful arrest, and was deprived of his right to use public waters and public-trust land. Affiant has suffered economic harm, including lost mining revenue, equipment downtime, and increased costs, and non-economic harm. Each Affiants when allowed, are successful in recovering on average 2 ounces of gold a day minimum. Value at the time of the affidavit $4500 per ounce.

4

Notice and Demand

18.     The OHWM in the area at issue is established by the physical characteristics of the land as defined under 11 AAC 53.900(23) and AS 41.17.950(14). All lands below this mark are state-owned public trust lands to which Defendant holds no ownership or exclusive access rights.

11 AAC 53.900(23) & AS 41.17.950(14):"Ordinary High Water Mark" means the mark along the bank or shore up to which the presence and action of the non-tidal water are so common and usual, and so long continued in all ordinary years, as to leave a natural line impressed on the bank or shore... According to Alaska law, examiners and surveyors look for these five physical indicators on the ground to legally establish the line:

1.  A clear, natural line impressed on the bank.
2.  Shelving or distinct changes in the bank's slope.
3.  Changes in the character and composition of the soil.
4.  The destruction or absence of terrestrial (land-based) vegetation (where the water flows frequently enough that trees and grasses cannot grow).
5.  The consistent presence of litter, silt, and debris.

19.     Affiants Fussell and St Clair are business partners in a joint mining operation conducted on the Claims, and have worked the Claims together, sharing labor, equipment, and recovered gold, throughout the period relevant to this Notice.

20.     Because the Claims are accessed by the same single route — along and below the Ordinary High Water Mark of East Beach and the Ft. Davis area — any exclusion, obstruction, or threat directed at one partner's access necessarily and foreseeably affects the other partner's ability to reach and work the same Claims.

21.     Affiant Fussell is informed and believes, and on that basis alleges, that the threats of arrest and trespass directed at Affiant St Clair by Respondents Oaks and Rafferty, at the instigation and joint action of Respondent Sitnasuak and Respondent Ellanna, were communicated to Affiant Fussell and were known to Affiant Fussell at or near the time they were made.

22.     As a direct result of those threats against his partner, and of Respondent Ellanna's and Respondent Oaks's stated intent to enforce Sitnasuak's claim of exclusive control over the beach

5

Notice and Demand

against any person Sitnasuak or the Troopers regarded as trespassing, Affiant Fussell reasonably believed, and continues to believe, that his own presence on the same stretch of beach to access the same Claims would likewise be met with a trespass complaint and a threat of arrest.

23. That belief is objectively reasonable and was not merely subjective. Respondent Oaks's own text message — stating that a further complaint by Sitnasuak would launch an investigation into whether a trespass occurred — demonstrates that Respondents had adopted a standing posture of enforcement against any person Sitnasuak identified as being on the beach, without regard to that person's actual legal right of access. Respondent Rafferty's refusal to distinguish a prior, similar trespass removal from the present one, when asked, confirms that Respondents were applying a categorical practice rather than assessing probable cause on a person-by-person basis.

24. As partners working the same Claims by the same means of access, Affiant Fussell and Affiant St Clair are similarly situated with respect to Respondents' conduct. The threat made against one partner therefore had the direct, foreseeable, and intended effect of deterring both partners from exercising their right of access, regardless of which partner Respondents directly confronted on a given day.

25. As a direct and proximate result, Affiant Fussell has likewise been compelled to cease, curtail, or delay his lawful mining operations on the Claims, has been placed in fear of unlawful arrest should he attempt to access the Claims by the only available route, and has been deprived of his right to use public waters and public-trust land, in the same manner and to the same extent as Affiant St Clair.

26. Affiant Fussell's economic loss is identical in kind and in time to that of Affiant St Clair: during the period the partners have been deterred from working the Claims, each Affiant has lost the opportunity to recover an average of 2 ounces of gold per day, at a value of $4,500 per ounce, in addition to equipment downtime and increased costs of any attempted access.

27. Affiant Fussell's damages are therefore not derivative of, or limited by, his own direct confrontation with Respondents alone. They arise independently from Respondents' joint and concerted course of conduct, which was reasonably calculated to, and did, exclude both partners from the Claims by threatening one of them.

## III. FEDERAL RIGHTS VIOLATED

28. Fourth Amendment. The threat to arrest Affiants without probable cause, in order to stop Affiants from exercising a lawful right of access, subjected Affiants to an unreasonable

6

Notice and Demand

threatened seizure of his person in violation of the Fourth Amendment, applied to the States through the Fourteenth Amendment.

29. Fourteenth Amendment. The same conduct deprived Affiants of liberty and of his property interest in access to his Claims without due process of law, in violation of the Fourteenth Amendment.

30. 42 U.S.C. § 1983. Respondents Oaks and Rafferty acted under color of state law. Sitnasuak and Ellanna, although private, are subject to § 1983 because they were willful participants in joint action with state actors. A private party who jointly engages with state officials in the challenged conduct, or who conspires with them, acts under color of state law. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Dennis v. Sparks, 449 U.S. 24 (1980). Merely reporting a suspected trespass would not suffice, but the concerted action alleged above does. Cf. Collins v. Womancare, 878 F.2d 1145 (9th Cir. 1989).

31. 18 U.S.C. § 242 (referral only). Affiants identifies, for referral to the United States Department of Justice and the Alaska Attorney General, that the conduct described above may constitute a willful deprivation of rights under color of law. Affiant asserts no private civil claim under this criminal statute.

## IV. ALASKA CONSTITUTIONAL AND STATUTORY RIGHTS VIOLATED

32. Alaska Constitution, Article VIII, Section 14. "Free access to the navigable or public waters of the state shall not be denied any citizen." Respondents have denied and obstructed that free access.

33. Alaska Constitution, Article VIII, Section 3. The waters occurring in their natural state are reserved to the people for common use. Respondents have asserted an exclusive private right over waters reserved for common use.

34. AS 38.05.126. The people have a constitutional right to free access to and use of the navigable or public water of the state; the State holds and controls all such water in trust for the people; ownership of land bordering navigable or public water grants no exclusive right to the use of the water; and title to land below the Ordinary High Water Mark is subject to the public's rights consistent with the public trust. Respondents have acted contrary to each of these provisions.

35. AS 38.05.128. Obstruction or interference with the free use and passage of navigable water. Respondents' barriers and signage obstruct navigable water of the State.

36. Ordinary high water mark. The barriers and signage at issue sit on land below the ordinary high water mark, which is state trust land defined by the natural line impressed on the bank, shelving or changes in slope, changes in soil, the absence of terrestrial vegetation, and the presence of litter and debris. See 11 AAC 53.900; AS 41.17.950. See Exhibit A and B.

7

Notice and Demand

## V. CONTROLLING AND PERSUASIVE AUTHORITIES

The following authorities have been independently verified. Each is cited for the proposition stated.

*Pollard's Lessee v. Hagan, 44 U.S. (3 How.) 212 (1845).* Under the equal-footing doctrine, new states take title to the beds and shores of navigable waters at statehood.

*PPL Montana, LLC v. Montana, 565 U.S. 576 (2012).* Title to a riverbed under the equal-footing doctrine turns on segment-by-segment navigability assessed as of the date of statehood.

*Sturgeon v. Frost, 587 U.S. 28, 139 S. Ct. 1066 (2019).* Navigable waters in Alaska are not federal public land; the State, not the United States, holds title to the riverbed.

*Wernberg v. State, 516 P.2d 1191 (Alaska 1973).* Access to the navigable and public waters of Alaska is a constitutionally protected interest, subject only to reasonable regulation.

*State, Dept. of Natural Resources v. Pankratz, 538 P.2d 984 (Alaska 1975).* The State holds title to the land below the Ordinary High Water Mark of navigable waters.

*CWC Fisheries, Inc. v. Bunker, 755 P.2d 1115 (Alaska 1988).* Under the public trust doctrine, even tidelands conveyed to a private owner remain subject to the public's continuing rights in the waters and lands below the high water mark.

*State, Dept. of Natural Resources v. Alaska Riverways, Inc., 232 P.3d 1203 (Alaska 2010).* Private ownership of bordering land confers no exclusive right to state-owned submerged land below the ordinary high water mark.

*Seater v. Estate of Seater, 461 P.3d 421 (Alaska 2020).* The State owns the land underlying navigable waters up to the high water line, and the public access boundary is measured at that line.

*Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).* A private party is a state actor under § 1983 when it is a willful participant in joint action with state officials.

*Dennis v. Sparks, 449 U.S. 24 (1980).* A private party who conspires with state actors acts under color of state law for purposes of § 1983.

*Collins v. Womancare, 878 F.2d 1145 (9th Cir. 1989).* A private party does not become a state actor merely by reporting suspected wrongdoing to the police or invoking police authority; concerted action with the officers is required.

## VI. CRIMINAL VIOLATIONS OF WHICH RESPONDENTS ARE NOTICED

Respondents are hereby placed on notice that the conduct described above also implicates the following criminal statutes. This is a Notice, not a charging instrument; the determination of any criminal violation rests with the prosecuting authorities. Affiants has referred, or intends to refer,

8

Notice and Demand

this conduct to the United States Department of Justice, Civil Rights Division, and to the Office of the Attorney General of the State of Alaska. The Alaska criminal statutes create no private civil cause of action and are not asserted as civil counts in the attached Complaint; they are stated here as notice and for referral.

**18 U.S.C. § 242 (Deprivation of Rights Under Color of Law).** It is a federal crime for a person acting under color of law to willfully deprive another of a right secured by the Constitution or laws of the United States. By threatening Affiant with arrest, without probable cause, to stop Affiant from exercising his right of access, Respondents Oaks and Rafferty are noticed of conduct within this statute, and Sitnasuak and Charles Ellanna are noticed for inducing and jointly engaging in that conduct.

**AS 11.56.850 (Official Misconduct).** A public servant who, with intent to injure or deprive another of a benefit, performs an unauthorized act of office knowing or should have known it is unauthorized, or knowingly fails to perform a required duty, commits official misconduct. Respondents Oaks and Rafferty are noticed that threatening arrest to enforce a private exclusion from public-trust waters, with no probable cause, may constitute official misconduct; Sitnasuak and Ellanna are noticed for coercing or misleading those officers into doing so.

**AS 11.56.800 (False Information or Report).** Respondents Sitnasuak and Charles are noticed that reporting Affiants as a trespassers to the Troopers and Nome Police, while knowing Affiant was lawfully exercising a constitutional right of access to navigable waters and land below the Ordinary High Water Mark, may constitute the giving of false information to a peace officer.

**AS 38.05.128 (Obstruction of Navigable Water).** A person may not obstruct or interfere with the free passage or use of any navigable water unless authorized by law or permit. A violation is a class B misdemeanor, and an unauthorized obstruction is a public nuisance subject to abatement at the violator's cost. Sitnasuak is noticed that its barriers, signage and Notice of Trespass obstruct navigable water way of the State.

**AS 11.76.110 (Interference With Constitutional Rights).** A person who injures, oppresses, threatens, or intimidates another with intent to deprive or deter that person from exercising a right secured by the Constitution or laws of the United States or of Alaska commits a class A misdemeanor. All Respondents are noticed that threatening Affiants with arrest or trespass to deter his exercise of the right of access falls within this statute.

**33 U.S.C. § 403 (Rivers and Harbors Act) (background only).** The creation of unauthorized obstructions to the navigable capacity of waters of the United States is prohibited. This provision is identified as background; it affords no private right of action for damages and is not asserted as a civil count.

## VII. DEMAND AND CURE (TEN DAY CURE PERIOD)

9

Affiant demands that, within ten (10) days of receipt of this Notice, each Respondent:

a. Remove all barriers, signs, and obstructions placed on or across the navigable waters and the land below the Ordinary High Water Mark used by Affiants to access the Claims;

b. Cease asserting any exclusive private right to exclude Affiants or the public from those waters or that land;

c. Withdraw any trespass complaint or request for enforcement made to the Alaska State Troopers or the Nome Police Department against Affiants;

d. Cease all interference, and all threats of arrest, directed at Affiant's lawful access and mining operations; and

e. Confirm the above in writing to Affiant at the addresses stated above.

## VIII. CONSEQUENCE OF NONCOMPLIANCE

If the Respondents do not cure within the ten (10) day cure period, Affiant intends to file the verified Complaint attached as Exhibit C in the United States District Court for the District of Alaska, seeking declaratory and injunctive relief, compensatory and punitive damages, and costs and fees to the extent allowed by law, including 42 U.S.C. § 1988.

## IX. RESERVATION OF RIGHTS

Affiants reserves all rights, remedies, and defenses available at law and in equity. Nothing in this Notice waives any right or remedy, and no delay or forbearance by Affiants shall be construed as a waiver. This Notice is given in good faith and for the purpose of allowing the Respondents to cure before suit.

## VERIFICATION AND JURAT

I, Paul A. Fussell, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Notice and Demand, and that the factual statements set out above are true and correct to the best of my knowledge, information, and belief, except as to matters stated on information and belief, and as to those, I believe them to be true.

Executed on __6/19__, 2026, at Nome, Alaska.

Paul A. Fussell, Affiant


I, Larry St Clair, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Notice and Demand, and that the

10

Notice and Demand

factual statements set out above are true and correct to the best of my knowledge, information, and belief, except as to matters stated on information and belief, and as to those, I believe them to be true.

Executed on ___6/19___, 2026, at Nome, Alaska.

Larry J. St Clair, Affiant

11

EXHIBIT C

## [PROPOSED] VERIFIED COMPLAINT TO BE FILED IF NOTICE IS NOT CURED

Paul A. Fussell
P.O. Box 728
Nome, Alaska 99762
Larry J. St Clair
P.O. Box 1813
Nome, Alaska 99762
Plaintiff(s), Pro Per

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL A. FUSSELL,<br>LARRY ST CLAIR<br>　　　　Plaintiff,<br>　　v.<br><br>SITNASUAK NATIVE CORPORATION, an<br>Alaska Native Corporation; CHARLES<br>ELLANNA; ALASKA<br>STATE TROOPER OATS;<br>STATE TROOPER SARGENT RAFFERTY;<br><br>　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR DEPRIVATION OF<br>CIVIL RIGHTS (42 U.S.C. § 1983) AND<br>SUPPLEMENTAL STATE-LAW<br>CLAIMS**<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff(s) Paul A. Fussell and Larry J. St Clair, appearing pro per, brings this action against the above-named Defendants and alleges as follows:

## I. NATURE OF THE ACTION

1.　　This is a civil-rights action under 42 U.S.C. § 1983, together with supplemental state-law claims, arising from Defendants' unlawful obstruction of Plaintiff's access to the navigable and public waters of the State of Alaska, and the land below the Ordinary High Water Mark, which Plaintiff uses to reach and work lawful mining claims near and in Nome, Alaska.

12

2.     Free access to the navigable and public waters of Alaska is guaranteed to every citizen by Article VIII, Section 14 of the Alaska Constitution, and the land below the Ordinary High Water Mark of navigable waters is owned by the State and held in trust for the public. Defendant Sitnasuak, a private corporation, obstructed that access by erecting barriers, posting signs asserting exclusive private ownership over public-trust land, and by inducing, directing, and acting jointly with state law-enforcement officers to threaten Plaintiff with arrest when Plaintiff was lawfully exercising his protected right of access.

3.     Plaintiffs seeks a declaration of his rights, injunctive relief requiring removal of the obstructions and an order that Defendants cease interfering with his access, and compensatory and punitive damages.

## II. JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(a)(3) and (4), because Plaintiffs seeks redress for the deprivation, under color of state law, of rights secured by the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

5.     This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

6.     This Court may grant declaratory and further relief under 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this District and one or more Defendants reside here.

## III. PARTIES

8.     Plaintiff Paul A. Fussell is a citizen of the United States and a part-time resident of Nome, Alaska, and holds valid access to mining claims in the vicinity of Nome. East and West beach rec areas, along with Ft Davis area.

9.     Plaintiff Larry J. St Clair is a citizen of the United States and a resident of Nome, Alaska, and holds valid access to mining claims in the vicinity of Nome. East and West beach rec areas, along with Ft Davis area.

10.     Defendant Sitnasuak Native Corporation is a Alaska Native Corporation organized under the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq., with a principal place of business at 2700 Gambell Street, Suite 300, Anchorage, Alaska 99503, and a place of business at P.O. Box 905, Nome, Alaska 99762. It is a private corporation and is not a unit of state or federal government.

11.     Defendant Charles Ellanna is, on information and belief, an officer, employee, Land Manager or agent of Sitnasuak, sued in his individual capacity for the acts alleged herein.

13

Notice and Demand

12. Defendant Alaska State Trooper Oaks is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety who acted under color of state law, sued in his individual capacity.

13. Defendant Alaska State Trooper Sargent Raffert is, on information and belief, a sworn peace officer of the Alaska Department of Public Safety who acted under color of state law, sued in his individual capacity.

14. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff and who participated in the acts alleged herein. Plaintiff will amend to state their true names when ascertained.

## IV. FACTUAL ALLEGATIONS

16. Plaintiffs holds valid access to recorded mining claims near Nome and Ft. Davis area, Alaska.

17. Plaintiffs accesses and works the Claims by traveling on and along East Beach and West beach including Ft Davis and beyond Ft Davis, a navigable water of the State of Alaska, and on the land below the Ordinary High Water Mark.

18. The water body is navigable in fact: in its ordinary and natural condition it is and has been susceptible to use as a highway for commerce.

19. Title to the land below the Ordinary High Water Mark passed to the State of Alaska at statehood and is held in trust for the people. No private party, including Sitnasuak, holds an exclusive right to that land or to the use of the public waters below it.

20. Beginning on or about May 26 2026, Sitnasuak posted signs, erected barriers, posted Notice of trespass and made demands asserting exclusive private ownership and the right to exclude Plaintiff(s) and the public from the navigable waters and the land below the Ordinary High Water Mark used by Plaintiff(s) to access the Mining Claims. West Beach and East Beach in Nome to beyond Ft Davis area.

21. On or about June 13, 2026, and on or about May 26 2026 Sitnasuak, acting through Defendant Charles Ellanna and other officers, employees, or agents, contacted the Alaska State Troopers and the Nome Police and reported that Plaintiff(s) was trespassing, knowing that Plaintiff(s)was lawfully exercising his right of access to navigable waters and public-trust land.

22. Sitnasuak did more than report a suspected trespass. By prior arrangement, request, direction, or concerted understanding with Defendants Oaks, Rafferty and Nome Police Department, Sitnasuak caused and induced those officers to threaten or influence Plaintiff(s) with arrest or intimidation to compel Plaintiff(s) to cease his lawful access. Sitnasuak and the officers acted jointly to exclude Plaintiff(s) from the public waters and public-trust land. In the case of Plaintiff Fussell, Defendant Ellanna confronted Fussell and told him he was trespassing. When

14

Notice and Demand

Fussell said no he wasn't trespassing, that he was on the states public land below the Ordinary High Water Mark, Ellanna Called Nome Police and verbally accuse plaintiff of trespassing on Sitnasuak land. Officer Broady arrived and asked Plaintiff to leave to keep the peace. Intimidated by the presence of the police request, Plaintiff obeyed the officer.

23. On or about the dates above, Defendants Oaks and Rafferty, acting under color of state law and jointly with Sitnasuak, confronted Plaintiff by phone and text messaging and threatened to arrest Plaintiff St Clair for criminal trespass if he did not leave, even though Plaintiff was on public-trust land below the Ordinary High Water Mark and was lawfully exercising his right of access. In the case of Plaintiff St. Clair, Ellanna posted a "notice of trespass" on Plaintiff's Mining Equipment. After 24 hours Ellanna called the State Troopers making a claim that Plaintiff is trespassing on Sitnasuak land.

24. The threatened arrest was not supported by probable cause, because Plaintiff was exercising a constitutionally and statutorily protected right of access.

25. As a direct result of Defendants' threats and obstruction, Plaintiff(s) was compelled to cease, curtail, or delay his lawful mining operations, was placed in fear of unlawful arrest, and was deprived of his right to use public waters and public-trust land. Plaintiff suffered economic harm, including lost mining revenue, equipment downtime, and increased costs, and non-economic harm. Plaintiff(s) average 2 ounces of gold a day minimum when mining previously before Defendants threats of arrest for Trespass.

26. Defendants acted intentionally, knowingly, and with reckless or callous disregard for Plaintiff's clearly established rights.

## COUNT I
*Deprivation of Civil Rights Under 42 U.S.C. § 1983, Fourth and Fourteenth Amendments (Against Defendants Davis and Charles)*

27. Plaintiff(s) realleges and incorporates each preceding paragraph.

28. At all relevant times, Defendants Oaks, Rafferty acted under color of the laws, customs, and usages of the State of Alaska.

29. By threatening to arrest Plaintiff St Clair without probable cause to stop Plaintiff from exercising his lawful right of access, Defendants subjected Plaintiff to an unreasonable threatened seizure and deprived Plaintiff of liberty and property without due process, in violation of the Fourth and Fourteenth Amendments.

30. Plaintiff(s) right to be free from an arrest, or the threat of an arrest, unsupported by probable cause was clearly established at the time of Defendants' conduct.

31. As a direct and proximate result, Plaintiff(s) suffered the harm described above and is entitled to compensatory and punitive damages and to fees and costs under 42 U.S.C. § 1988.

15

Notice and Demand

## COUNT II

*Deprivation of Civil Rights Under 42 U.S.C. § 1983, Joint Action and Conspiracy (Against Defendants Sitnasuak Native Corporation and Charles Ellanna)*

32. Plaintiff realleges and incorporates each preceding paragraph.

33. A private party acts under color of state law under 42 U.S.C. § 1983 when it is a willful participant in joint action with the State or its agents, or conspires with state actors to deprive a person of federally protected rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Dennis v. Sparks, 449 U.S. 24 (1980).

34. Sitnasuak and Charles Ellanna were willful participants in joint action with Defendants Oaks, Rafferty and Brody. They reached an understanding with, requested, directed, and acted in concert with those officers to threaten Plaintiffs with arrest and to exclude Plaintiffs from public waters and public-trust land. Their conduct went beyond furnishing information to the police; they jointly engaged in the challenged action.

35. Through that joint action, Sitnasuak and Charles Ellanna caused the deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments and are liable under 42 U.S.C. § 1983.

36. As a direct and proximate result, Plaintiffs suffered the harm described above and is entitled to compensatory and punitive damages and to fees and costs under 42 U.S.C. § 1988.

## COUNT III

*Declaratory Judgment, 28 U.S.C. §§ 2201-2202 (Against Defendant Sitnasuak Native Corporation)*

37. Plaintiff realleges and incorporates each preceding paragraph.

38. An actual, justiciable controversy exists between Plaintiff(s) and Sitnasuak concerning Plaintiff's right of access to the navigable and public waters used to reach the Claims and to the land below the Ordinary High Water Mark.

39. Article VIII, Section 14 of the Alaska Constitution provides that free access to the navigable or public waters of the state shall not be denied any citizen. Article VIII, Section 3 reserves to the people the waters occurring in their natural state. These guarantees are implemented by AS 38.05.126.

40. Plaintiff(s) is entitled to a declaration that he has the right of free access to the navigable and public waters used to reach the Claims and to the land below the Ordinary High Water Mark, that Sitnasuak holds no exclusive right to exclude Plaintiff(s), and that Sitnasuak's barriers, signage, and exclusion demands are unlawful.

## COUNT IV

16

Notice and Demand

*Private Nuisance and Unlawful Obstruction of Public Access (Against Defendant Sitnasuak Native Corporation)*

41. Plaintiff realleges and incorporates each preceding paragraph.

42. By erecting barriers and posting signage that obstruct the navigable waters and the land below the Ordinary High Water Mark, Sitnasuak unreasonably interfered with Plaintiff's right to use and access those waters and that land, and obstructed Plaintiff's free passage on navigable water of the State.

43. Sitnasuak's obstruction is unlawful and unreasonable and has caused Plaintiff(s) special and particular injury different in kind from that suffered by the general public, including the loss of access to his Claims and resulting economic harm.

44. Plaintiff is entitled to injunctive relief requiring removal of the obstructions and an order that Sitnasuak cease interfering with Plaintiff's access, and to damages to be proven at trial.

## COUNT V
*Tortious Interference with Prospective Economic Advantage (Against Defendant Sitnasuak Native Corporation)*

45. Plaintiff realleges and incorporates each preceding paragraph.

46. Plaintiff(s) had existing and prospective business and economic relationships arising from his lawful mining operations. Sitnasuak knew of those operations and relationships.

47. Sitnasuak intentionally and without privilege or justification interfered with Plaintiff's mining operations by obstructing his access and by causing the officers to threaten his arrest, thereby preventing or impairing Plaintiff's ability to conduct his mining business.

48. As a direct and proximate result, Plaintiff suffered economic damages, including lost mining revenue and increased costs, to be proven at trial.

As partners working the same Claims by the same means of access, Affiant Fussell and Affiant St Clair are similarly situated with respect to Respondents' conduct. The threat made against one partner therefore had the direct, foreseeable, and intended effect of deterring both partners from exercising their right of access, regardless of which partner Respondents directly confronted on a given day.

25. As a direct and proximate result, Affiant Fussell has likewise been compelled to cease, curtail, or delay his lawful mining operations on the Claims, has been placed in fear of unlawful arrest should he attempt to access the Claims by the only available route, and has been deprived of his right to use public waters and public-trust land, in the same manner and to the same extent as Affiant St Clair.

17

Notice and Demand

26. Affiant Fussell's economic loss is identical in kind and in time to that of Affiant St Clair: during the period the partners have been deterred from working the Claims, each Affiant has lost the opportunity to recover an average of 2 ounces of gold per day, at a value of $4,500 per ounce, in addition to equipment downtime and increased costs of any attempted access.

27. Affiant Fussell's damages are therefore not derivative of, or limited by, his own direct confrontation with Respondents alone. They arise independently from Respondents' joint and concerted course of conduct, which was reasonably calculated to, and did, exclude both partners from the Claims by threatening one of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) respectfully requests that this Court:

A. Enter a declaratory judgment that Plaintiff(s) has the right of free access to the navigable and public waters used to reach the Claims and to the land below the Ordinary High Water Mark, and that Sitnasuak has no right to exclude Plaintiffs;

B. Issue preliminary and permanent injunctive relief ordering Sitnasuak to remove all barriers and signage obstructing Plaintiff's access, to withdraw any trespass complaints made to law enforcement, and to cease all interference with Plaintiff's lawful access and mining operations;

C. Award compensatory damages against Defendants, jointly and severally as appropriate, to be proven at trial;

D. Award punitive damages against Defendants in an amount sufficient to punish and deter their conduct;

E. Award Plaintiff their costs of suit and reasonable fees to the extent permitted by 42 U.S.C. § 1988 and other applicable law;

F. Award pre-judgment and post-judgment interest as allowed by law; and

G. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this _____ day of _____, 2026.

Respectfully submitted,

_____

18

Notice and Demand

Paul A. Fussell, Plaintiff Pro Per
P.O. Box 728, Nome, Alaska 99762

_____

Larry J. St Clair Plaintiff Pro Per

P.O. Box 1813

Nome Alaska 99762

## VERIFICATION

I, Paul A. Fussell and Larry J. St Clair, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, except as to those matters alleged on information and belief, and as to those, we believe them to be true.

Executed on _____, 2026.

_____

Paul A. Fussell

_____

Larry J. St Clair

19

Notice and Demand

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alaska Troopers
Officer Oaks
PO Box 1050
Nome AK 99762

9590 9402 9474 5069 5434 08

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)
Se EngerMcaron

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alaska Troopers
Officer Rafferty
PO Box 1050
Nome AK 99762

9590 9402 9474 5069 5434 15

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)
Se EngerMcaron

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charles Fagerstrom CEO
2700 Gambell St. #300
Anchorage AK 99503

9590 9402 9474 5069 5434 22

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charles Ellanna
Sitnasuak Native Corp.
PO Box 905
Nome AK 99762

9590 9402 9474 5069 5434 39

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt